FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**NOV 26 2008**

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

1   MARY SUE WILSON
    Senior Assistant Attorney General
2   ANDREW A. FITZ
    THOMAS J. YOUNG
3   ALLYSON ZIPP
    Assistant Attorneys General
4   PO Box 40117
    Olympia, WA 98504-0117
5   Phone: (360) 586-6770

6

7

8                   **UNITED STATES DISTRICT COURT**
                    **EASTERN DISTRICT OF WASHINGTON**
9
    STATE OF WASHINGTON,            **CV-08-5085-FVS**
10                                  NO. CT-
                Plaintiff,
11                                  STATE OF WASHINGTON'S
         v.                         COMPLAINT FOR DECLARATORY
12                                  AND INJUNCTIVE RELIEF
    SAMUEL W. BODMAN, Secretary
13  of the United States Department of
    Energy, and the UNITED STATES
14  DEPARTMENT OF ENERGY,

15              Defendants.

16

17              **I.    INTRODUCTION**

18       1.    This is a civil action for declaratory and injunctive relief arising from

19  the United States Department of Energy's failure to meet certain key compliance

20  milestones in a hazardous waste management order (Order) issued by the State of

21  Washington (State) through its Department of Ecology to, and with the consent of,

22  the United States Department of Energy (Energy).  The Order, formally known as

STATE'S COMPLAINT - 1              ATTORNEY GENERAL OF WASHINGTON
                                        Ecology Division
                                        PO Box 40117
                                     Olympia, WA 98504-0117
                                      FAX (360) 586-6760

1     the Hanford Federal Facility Agreement and Consent Order (HFFACO) and

2     commonly known as the "Tri-Party Agreement" or TPA, requires Energy to

3     remedy noncompliance with federal and state hazardous waste laws at Energy's

4     Hanford Nuclear Reservation (Hanford) by, among other things, constructing and

5     operating a Waste Treatment Plant (WTP) to convert waste now stored in an

6     underground tank system and elsewhere into a safer form, and retrieving mixed

7     hazardous and radioactive "high-level waste" from 149 non-compliant, aging, and

8     in some cases already leaking, single-shell tanks (SSTs).

9         2.      Energy has missed, or is certain to miss, the following Order

10     compliance milestones related to tank waste treatment:

11          a.     M-062-08 (by June 30, 2006, submit a Hanford Tank Waste

12        Supplemental Treatment Technologies Report describing viable path(s)

13        forward to complete treatment of all Hanford tank wastes by 2028).

14          b.     M-062-11 (by June 30, 2007, submit final Hanford tank waste

15        treatment baseline).

16          c.     M-062-07B (by December 31, 2007, complete assembly of the

17        Low-Activity Waste (LAW) melter; move High-Level Waste (HLW) melter

18        #1 to HLW building).

19          d.     M-062-09 (by February 28, 2009, start "cold commissioning"

20        of WTP).

21          e.     M-062-10   (by   January   31,   2011,   complete   "hot

22        commissioning" of WTP (i.e., begin waste treatment)).

STATE'S COMPLAINT - 2

1        f.    M-062-00A (by February 28, 2018, complete tank waste

2    pre-treatment and vitrification (conversion into a glassified form) of no less

3    than 10% by volume and 25% by activity of Hanford's tank waste).

4        g.    M-062-00 (by December 31, 2028, complete the treatment of

5    all Hanford tank waste).

6        3.    In addition, Energy has missed, or is certain to miss, the following

7    Order compliance milestones related to tank waste retrieval:

8        a.    M-045-00B (by September 30, 2006, complete the retrieval of

9    waste from sixteen "C-Farm" SSTs);

10       b.    M-045-05A (by March 31, 2007, complete waste retrieval from

11   tank S-102); and

12       c.    M-045-05 (by September 30, 2018, complete waste retrieval

13   from all Hanford SSTs).

14       4.    The State requests a judgment that Energy has violated TPA

15   compliance milestones, as well as the hazardous waste laws and regulations that

16   underlie those milestones.  The State seeks permanent injunctive relief requiring

17   Defendants to timely retrieve waste from Hanford's SSTs; to place retrieved waste

18   into storage that complies with the Resource Conservation and Recovery Act

19   (RCRA) and Washington's Hazardous Waste Management Act (HWMA); to

20   timely complete construction of the WTP; to timely treat all of Hanford's

21   high-level tank waste; and to take such other actions as are necessary to mitigate

22

STATE'S COMPLAINT - 3

1   threats posed to human health and the environment from historic and potential

2   future releases at the Hanford Site, including historic and potential future releases

3   from the SSTs.  In addition, the State seeks civil penalties in the amount of up to

4   $25,000 per violation per day under RCRA, 42 U.S.C. § 6972(a) (referencing

5   42 U.S.C. § 6928(a)(3) and (g)), and up to $10,000 per violation per day under the

6   HWMA, Wash. Rev. Code (RCW) 70.105.080(1); recovery of its attorney's fees

7   and costs; and such other relief as the Court deems appropriate.

8                        **II.    JURISDICTION**

9       5.    This action arises under the federal RCRA, 42 U.S.C. §

10  6972(a)(1)(A), and Washington's HWMA, RCW 70.105.120.  This Court has

11  subject matter jurisdiction over claims asserted under RCRA under 42 U.S.C. §

12  6972(a) and 28 U.S.C. § 1331, as well as under the Declaratory Judgment Act,

13  28 U.S.C. §§ 2201 and 2202.  Jurisdiction over claims asserted under the HWMA

14  arises under RCW 70.105.120, with this Court having supplemental jurisdiction

15  over such claims under 28 U.S.C. § 1367.

16      6.    The United States has waived sovereign immunity for claims asserted

17  under RCRA, and for supplemental claims asserted under state laws respecting the

18  control and abatement of hazardous waste disposal and management.  42 U.S.C.

19  § 6961.

20      7.    By letter dated November 24, 2008, the State notified Energy of the

21  violations of RCRA Subchapter III described in this Complaint, and announced the

22  State's intent to file suit, in satisfaction of 42 U.S.C. § 6972(b).   The State

STATE'S COMPLAINT - 4

1    provided copies of the notice letter to Samuel Bodman, Secretary of the United

2    States Department of Energy; Ines Triay, Acting Assistant Secretary for

3    Environmental Management, United States Department of Energy; Stephen L.

4    Johnson, Administrator of the United States Environmental Protection Agency;

5    Elin Miller, Regional Administrator of the United States Environmental Protection

6    Agency, Region X; Michael B. Mukasey, Attorney General of the United States;

7    David A. Brockman, Manager, United States Department of Energy, Richland

8    Operations Office; Shirley J. Olinger, Manager, United States Department of

9    Energy, Office of River Protection; and James A. McDevitt, U.S. Attorney.

## III.    VENUE

11        8.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e).

## IV.    PARTIES

13        9.    Plaintiff is the State of Washington.  The State owns the groundwater

14    and surface water of the State, including the groundwater beneath the Hanford Site

15    and the Columbia River, which flows through and is contiguous to the Hanford

16    Site.  The State also owns State Route 240, a highway that runs through the

17    Hanford Site.  The State owns lands adjoining and in proximity to the Hanford Site

18    that are used by the State and its people for commerce, fishing, recreation, habitat,

19    aesthetics, tourism, and maintaining the cultural identity of the State.  The State's

20    waters, highways, and lands are threatened by Energy's treatment, storage, and/or

21    disposal of hazardous and mixed hazardous and radioactive wastes at Hanford in

22

STATE'S COMPLAINT - 5

1    violation of the Order, RCRA, and the HWMA.  The State has a direct and

2    tangible interest in the health, safety, and welfare of its citizens, and of all lands,

3    air, and waters within the state, which are threatened by Energy's actions.

4         10.  The State, through its Department of Ecology (Ecology), is

5    responsible for administering the HWMA.  The HWMA and its implementing

6    Dangerous Waste Regulations (Wash. Admin. Code (WAC) 173-303) provide the

7    legal framework for a state hazardous waste program authorized under RCRA by

8    the United States Environmental Protection Agency (EPA).  *See* 51 Fed. Reg.

9    3,782 (1986); 52 Fed. Reg. 35,556 (1987); 55 Fed. Reg. 33,695 (1990); 59 Fed.

10    Reg. 55,322 (1994); and 61 Fed. Reg. 7,736 (1996).  To the extent authorized, the

11    HWMA and the Dangerous Waste Regulations stand in lieu of RCRA as the law

12    governing hazardous waste management in Washington. 42 U.S.C. § 6926(b).

13         11.  Defendant Samuel Bodman is the Secretary of the United States

14    Department of Energy, and is the chief administrative officer of Energy.  Secretary

15    Bodman is the official ultimately responsible for the Energy's compliance at

16    Hanford with environmental laws, including RCRA and the HWMA.

17         12.  Defendant United States Department of Energy is an executive

18    department of the United States, created pursuant to 42 U.S.C. § 7131.  Energy

19    owns and operates the Hanford Site near Richland, Washington.

20

21

22

STATE'S COMPLAINT - 6

ATTORNEY GENERAL OF WASHINGTON
Ecology Division
PO Box 40117
Olympia, WA 98504-0117
FAX (360) 586-6760

## V.    FACTS

**The Hanford Site:**

13.    Energy's Hanford Site covers 586 square miles in south-central Washington.  Between 1943 and 1987, the United States produced plutonium at the Hanford Site for use in nuclear weapons.  Plutonium production and other activities at Hanford created enormous amounts of radioactive, hazardous, and mixed wastes.  Much of this waste remains at the Site today, still awaiting cleanup and/or proper disposal.

14.    The Hanford Site contains over 1,500 identified contaminated sites and structures, which individually and collectively pose substantial risks to human health and the environment.  These include 177 underground storage tanks holding approximately 53 million gallons of mixed high-level radioactive and hazardous waste, as described in further detail below.

15.    The Columbia River flows through or is contiguous to the Hanford Site on the north and east before flowing through the "Tri-Cities" of Richland, Kennewick, and Pasco, Washington.  The Columbia River is a water source for municipal, agricultural, and industrial uses in south-central Washington, as well as downstream in Washington and Oregon.  The Columbia River supports aquatic life and related biota, including salmon that migrate and breed within and near the Hanford Site.

16.    The southern boundary of the Hanford Site is contiguous with the city limits of Richland, Washington.  The "Tri-Cities" of Richland, Kennewick, and

STATE'S COMPLAINT - 7

1   Pasco, Washington are home to approximately 170,000 persons (2007 official

2   estimate).

3       17.    The Hanford Site itself is significant to the State and its citizens.

4   Large portions of the Hanford Site were designated as the Hanford Reach National

5   Monument in 2000.  Both within and beyond the National Monument portion of

6   the Hanford Site, some of the only intact tracts of shrub-steppe habitat in

7   Washington support a variety of plants and wildlife.  The Hanford Site, including

8   plants and wildlife within the Hanford Site, is significant to Native American

9   tribes including the Confederated Tribes and Bands of the Yakama Nation, the

10  Confederated Tribes of the Umatilla Indian Reservation, and the Nez Perce Tribe.

11  **The Hanford Federal Facility Agreement and Consent Order:**

12      18.    In 1989, Ecology, EPA, and Energy entered into the Order.  Among

13  other things, the Order is a compliance order issued pursuant to RCRA and the

14  HWMA.  TPA Article I.  The Order establishes numerous milestones (schedules

15  and associated regulatory requirements) for cleanup of the Hanford Site, and for

16  bringing Hanford facilities into compliance with applicable requirements.

17  **Hanford's Tank Waste and Tank Waste Treatment:**

18      19.    Energy is storing approximately 53 million gallons of high-level

19  radioactive and hazardous waste (tank waste) at Hanford in 177 underground

20  storage tanks.  This tank waste was generated beginning in the 1940s from the

21  reprocessing of spent fuel rods to extract weapons-grade plutonium.  All of this

22  waste is "mixed," containing a mixture of hazardous waste and radioactive

STATE'S COMPLAINT - 8

1    material.  The hazardous waste component of tank waste is regulated under RCRA

2    and the HWMA.

3        20.    Hanford's tank waste includes at least 26 hazardous waste

4    constituents, including heavy metals and volatile organic compounds.  All of these

5    constituents are potentially harmful to human health and the environment.  In

6    addition, Hanford's tank waste contains at least 46 identified radionuclides.

7    These radionuclides are also potentially harmful to human health and the

8    environment.  Once released, some of these radionuclides will persist in the

9    environment for hundreds of thousands of years.

10        21.    All of Hanford's tank waste is "land disposal restricted" under RCRA

11    and the HWMA and thus must be treated to specified land disposal restriction

12    standards before disposal.  WAC 173-303-140(2)(b) (incorporating by reference

13    40 C.F.R. § 268.1(b)).  However, there is currently no treatment capacity for tank

14    waste at Hanford.  The tank waste is instead being stored in violation of the

15    prohibition on storing land disposal restricted waste under the HWMA and RCRA.

16    WAC 173-303-140(2)(b) (incorporating by reference 40 C.F.R. § 268.50).

17        22.    The Order is, among other things, a state-enforceable plan for treating

18    all of Hanford's mixed wastes to land disposal restriction standards, as required of

19    Energy under the Federal Facility Compliance Act of 1992 (codified in RCRA),

20    42 U.S.C. § 6939c(b).

21        23.    The Order includes compliance milestones under the M-62 milestone

22    series for creating treatment capacity for Hanford's tank waste through

STATE'S COMPLAINT - 9

ATTORNEY GENERAL OF WASHINGTON
Ecology Division
PO Box 40117
Olympia, WA 98504-0117
FAX (360) 586-6760

1    construction and operation of a WTP.  The M-62 milestone series also includes

2    compliance milestones for completing treatment of all of Hanford's tank waste by

3    a defined end date.

4        24.    Since 1989, the Order's milestone for commencing treatment of

5    Hanford's tank waste (e.g., the current M-062-10) has been re-negotiated and

6    extended three times, each time at Energy's request.  As originally negotiated in

7    1989, tank waste treatment was to commence in 1999.  In 1994, this start date was

8    moved to 2004.  In 1996, the start date was moved to 2008.  In 2000, the start date

9    was moved to the current date of 2011 (Order milestone M-062-10).

10       25.    Energy has missed, or is certain to miss, the following Order M-062

11   compliance milestones related to tank waste treatment:

12           a.    M-062-08 (by June 30, 2006, submit a Hanford Tank Waste

13       Supplemental Treatment Technologies Report describing viable path(s)

14       forward to complete treatment of all Hanford tank wastes by 2028).

15           b.    M-062-11 (by June 30, 2007, submit final Hanford tank waste

16       treatment baseline).

17           c.    M-062-07B (by December 31, 2007, complete assembly of the

18       LAW melter; move HLW melter #1 to HLW building).

19           d.    M-062-09 (by February 28, 2009, start "cold commissioning"

20       of WTP).

21           e.    M-062-10 (by    January    31,    2011,    complete    "hot

22       commissioning" of WTP).

STATE'S COMPLAINT - 10

1            f.     M-062-00A (by February 28, 2018, complete tank waste

2       pre-treatment and vitrification of no less than 10% by volume and 25% by

3       activity of Hanford's tank waste).

4            g.     M-062-00 (by December 31, 2028, complete the treatment of

5       all Hanford tank waste).

6   **Hanford's Single-Shell Tank System:**

7         26.    Hanford's approximately 53 million gallons of high-level tank waste

8   is stored in an underground tank system consisting of 177 tanks.   Of these

9   177 tanks, 28 are double-shell tanks (DSTs) that comply with RCRA and

10   HWMA standards for hazardous waste tanks.  The remaining 149 tanks are SSTs.

11         27.    Approximately 30 million gallons of Hanford's tank waste is

12   currently being stored in the 149 SSTs. These tanks were constructed

13   between 1944 and 1964 with an expected operating life of approximately 25 years.

14   These tanks do not comply with RCRA and HWMA standards applicable to

15   tanks that store hazardous waste.  Specifically, the SSTs lack structural integrity;

16   lack secondary containment; and lack leak detection, as required by

17   WAC 173-303-400(3) (incorporating by reference 40 C.F.R. § 265.193(a)(3),

18   (b), and (c)).

19         28.    At least 67 of the SSTs have already leaked an estimated one million

20   or more gallons of waste to the environment.  This leaked waste is mobile.  It has

21   already contaminated the vadose zone soils surrounding the tanks.  Some of the

22   leaked tank waste has already reached Hanford's groundwater.  This groundwater

STATE'S COMPLAINT - 11

ATTORNEY GENERAL OF WASHINGTON
Ecology Division
PO Box 40117
Olympia, WA 98504-0117
FAX (360) 586-6760

1    is hydraulically connected to the Columbia River, which flows contiguous to the

2    Hanford Reservation. Left to natural forces, leaked tank waste will continue to

3    migrate into Hanford's groundwater and toward the Columbia River.

4          29.    All 149 SSTs have been identified to the State by Energy as "unfit for

5    use" pursuant to WAC 173-303-400(3) (incorporating by reference 40 C.F.R.

6    § 265.196). (Letter dated June 27, 2002, from James E. Rasmussen, Energy Office

7    of River Protection, to Michael Wilson, Department of Ecology.)   Energy has

8    not immediately removed these unfit-for-use tanks from service as required

9    under WAC 173-303-400(3) (incorporating by reference 40 C.F.R. § 265.196).

10   Energy has not, within 24 hours after detection of a leak or, if such removal is

11   not possible, at the earliest practicable time, removed as much of the waste from

12   the SSTs as is necessary to prevent further release of hazardous waste to the

13   environment, as required under WAC 173-303-400(3) (incorporating by reference

14   40 C.F.R. § 265.196(b)(1)).   In lieu of providing secondary containment and

15   repair to the SSTs, Energy has not yet closed the unfit-for-use tank system

16   as required under WAC 173-303-400(3) (incorporating by reference 40 C.F.R.

17   § 265.196(e)(1)).

18         30.    Pursuant to a consent decree entered in *State of Washington, Dep't of*

19   *Ecology v. United States Dep't of Energy*, No. CT-99-5076-EFS, Energy has

20   successfully removed liquid wastes to a certain volume level and "interim

21   stabilized" the SSTs. However, due to the deteriorating condition of the SSTs, the

22   30 million gallons of wastes remaining in the SSTs pose a substantial threat to

STATE'S COMPLAINT - 12

ATTORNEY GENERAL OF WASHINGTON
Ecology Division
PO Box 40117
Olympia, WA 98504-0117
FAX (360) 586-6760

1    escape to the environment and, in turn, threaten human health and the environment

2    through air, soil, groundwater, and surface water exposure pathways.  This threat

3    increases the longer tank waste is left in the SSTs.

4        31.    The above threat is compounded by a lack of sufficient compliant

5    storage capacity and by delays with the WTP.  There is insufficient storage

6    capacity in Hanford's RCRA and HWMA-compliant DST system to allow for the

7    transfer of more than a limited amount of the waste currently stored in the SSTs.

8    Since the Order was negotiated in 1989, Energy's strategy for addressing this

9    situation has been to rely on the prospective future treatment capacity of the WTP

10   to remove waste from the DST and SST systems.  Energy has expected that over

11   time, this will free DST capacity to allow for the continued transfer of waste

12   retrieved from the SSTs.  Under this strategy, delays with the WTP prolong the

13   continued storage of tank waste in the unfit-for-use SSTs.  Furthermore, the longer

14   the timeline for treating Hanford's tank waste becomes extended, the greater the

15   risk that the DSTs may become non-compliant due to aging.

16       32.    The Order includes compliance milestones under the M-045

17   milestone series for retrieving tank waste from certain SSTs and SST groupings by

18   certain dates.   The Order includes a compliance milestone under the M-045

19   milestone series for retrieving tank waste from all SSTs by a defined end date.

20       33.    Energy has missed, or is certain to miss, the following Order

21   compliance milestones related to tank waste retrieval:

22

STATE'S COMPLAINT - 13

1          a.     M-045-00B (by September 30, 2006, complete the retrieval of

2 waste from sixteen "C-Farm" SSTs).

3          b.     M-045-05A (by March 31, 2007, complete waste retrieval from

4 tank S-102).

5          c.     M-045-05 (by September 30, 2018, complete waste retrieval

6 from all Hanford SSTs).

**VI.    CLAIMS FOR RELIEF**

**COUNT ONE:  RCRA Citizen Suit — Violation of Order.**

34.    The State realleges paragraphs 1-33 above.

35.    42 U.S.C. § 6972(a)(1)(A) authorizes any person to commence a civil action against any other person, including the United States, who is alleged to be in violation of an order or regulation that has become effective pursuant to this chapter.

36.    The State of Washington, Department of Ecology is a "person" within the meaning of this statute.

37.    The Hanford Federal Facility Agreement and Consent Order is an "order" that has become effective pursuant to RCRA.

38.    RCRA-authorized regulations within Washington's Dangerous Waste Regulations, WAC 173-303, are "regulations" that have become effective pursuant to RCRA.

STATE'S COMPLAINT - 14

ATTORNEY GENERAL OF WASHINGTON
Ecology Division
PO Box 40117
Olympia, WA 98504-0117
FAX (360) 586-6760

1    39.    Defendant Energy has violated and currently is in violation of the

2   Order with respect to the following M-062 series tank waste treatment milestones:

3          a.    Failing to comply with milestone M-062-08 (by June 30, 2006,

4   submit Hanford Tank Waste Supplemental Treatment Technologies Report).

5          b.    Failing to comply with milestone M-062-11 (by June 30, 2007,

6   submit final Hanford tank waste treatment baseline).

7          c.    Failing to comply with milestone M-062-07B (by December

8   31, 2007, complete assembly of the LAW melter; move HLW melter #1 to

9   HLW building).

10          d.    Failing to perform sufficient work to assure with reasonable

11   certainty that Energy will accomplish milestone M-062-09 (by February 28,

12   2009, start "cold commissioning" of WTP).

13          e.    Failing to perform sufficient work to assure with reasonable

14   certainty that Energy will accomplish milestone M-062-10 (by January 31,

15   2011, complete "hot commissioning" of WTP).

16          f.    Failing to perform sufficient work to assure with reasonable

17   certainty that Energy will accomplish milestone M-062-00A (by February

18   28, 2018, complete tank waste pre-treatment and vitrification of no less than

19   10% by volume and 25% by activity of Hanford's tank waste).

20          g.    Failing to perform sufficient work to assure with reasonable

21   certainty that Energy will accomplish milestone M-062-00 (by December

22   31, 2028, complete treatment of all Hanford tank waste).

STATE'S COMPLAINT - 15

ATTORNEY GENERAL OF WASHINGTON
Ecology Division
PO Box 40117
Olympia, WA 98504-0117
FAX (360) 586-6760

1    40.    Defendant Energy has violated and currently is in violation of the
2  following regulations that underlie the Order's M-062 series tank waste treatment
3  milestones:

4         a.    Storing land disposal restricted hazardous waste in violation of
5    the prohibition against storing such waste under WAC 173-303-400(2)(b)
6    (incorporating by reference 40 C.F.R. § 268.50).

7    41.    Defendant Energy has violated and currently is in violation of the
8  Order with respect to the following M-045 series SST waste retrieval and closure
9  milestones:

10        a.    Failing to comply with milestone M-45-00B (by September 30,
11   2006, complete the retrieval of waste from sixteen C-Farm SSTs).

12        b.    Failing to comply with milestone M-045-05A (by March 31,
13   2007, complete the retrieval of waste from tank S-102).

14        c.    Failing to perform sufficient work to assure with reasonable
15   certainty that Energy will accomplish milestone M-045-05 (by September
16   30, 2018, retrieve waste from all SSTs).

17   42.    Defendant Energy has violated and currently is in violation of the
18  following regulations that underlie the Order's M-045 series tank waste retrieval
19  milestones:

20        a.    Storing hazardous waste in tank systems that lack structural
21   integrity as required by WAC 173-303-400(3) (incorporating by reference
22   40 C.F.R. § 265.193(a)(3)).

STATE'S COMPLAINT - 16

ATTORNEY GENERAL OF WASHINGTON
Ecology Division
PO Box 40117
Olympia, WA 98504-0117
FAX (360) 586-6760

1    b.    Storing hazardous waste in tank systems that lack secondary

2    containment as required by WAC 173-303-400(3) (incorporating by

3    reference 40 C.F.R. § 265.193(b)).

4    c.    Storing hazardous waste in tank systems that lack leak

5    detection as required by WAC 173-303-400(3) (incorporating by reference

6    40 C.F.R. § 265.193(c)).

7    d.    Failing to remove unfit-for-use tanks from service immediately

8    as required under WAC 173-303-400(3) (incorporating by reference

9    40 C.F.R. § 265.196).

10    e.    Failing to, within 24 hours after detection of a leak from

11    an SST or, if such removal is not possible, at the earliest practicable

12    time, remove as much of the waste from the SSTs as is necessary to

13    prevent further release of hazardous waste to the environment, as

14    required under WAC 173-303-400(3) (incorporating by reference 40 C.F.R.

15    § 265.196(b)(1)).

16    f.    In lieu of providing secondary containment and repair to

17    unfit-for-use SSTs, failing to close an unfit-for-use tank system as

18    required under WAC 173-303-400(3) (incorporating by reference 40 C.F.R.

19    § 265.196(e)(1)).

20    43.    Under 42 U.S.C. § 6972(a)(1), this Court has jurisdiction to enforce

21    the Order and the regulations that underlie the Order, as well as to order Energy to

22    take such other action as may be necessary.

STATE'S COMPLAINT - 17

**COUNT TWO:  Hazardous Waste Management Act.**

44.    The State realleges paragraphs 1-43 above.

45.    Ecology issued the Order under authority granted by RCW 70.105.095.  The Order is designed to bring Hanford's stored tank waste and Hanford's tanks into compliance with the HWMA.

46.    Defendants are in violation of the Order.

47.    Defendants are in violation of regulations that underlie the Order.

48.    Under RCW 70.105.120, the Attorney General is authorized to bring such injunctive, declaratory, or other actions to enforce any requirement of this chapter.

## VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

49.    Enter judgment that Defendants have violated Order compliance milestones, as well as the hazardous waste laws and regulations that underlie those milestones.

50.    Grant permanent injunctive relief requiring Defendant Energy to timely retrieve waste from Hanford's SSTs and place it into RCRA and HWMA compliant storage; to timely complete construction of the WTP; to timely treat all of Hanford's high-level tank waste; and to take such other actions as are necessary to mitigate threats posed to human health and the environment from historic and potential future releases at the Hanford Site, including historic and potential future releases from the SSTs.

ATTORNEY GENERAL OF WASHINGTON
Ecology Division
PO Box 40117
Olympia, WA 98504-0117
FAX (360) 586-6760

1    51.    Levy civil penalties for the above violations in the amount of up to

2    $25,000 per violation per day under RCRA, 42 U.S.C. § 6972(a) (referencing

3    42 U.S.C. § 6928(a)(3) and (g)), and up to $10,000 per violation per day under the

4    HWMA, RCW 70.105.080(1);

5    52.    Award attorney's fees and costs to the Plaintiff; and

6    53.    Grant such other relief as the Court deems appropriate.

7    DATED this 24th day of November 2008.

8    ROBERT M. MCKENNA
     Attorney General
9

10

11    MARY SUE WILSON, WSBA #19257
      Senior Assistant Attorney General
12    ANDREW A. FITZ, WSBA #22169
      THOMAS J. YOUNG, WSBA # 17366
13    ALLYSON ZIPP, WSBA #38076
      Assistant Attorneys General
14    (360) 586-6770

15

16

17

18

19

20

21

22

STATE'S COMPLAINT - 19