1              UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF WASHINGTON

2

STATE OF WASHINGTON,              )
3                                 )
          Plaintiff,              )
4                                 )    Civil Action No. 08-5085-FVS
          v.                      )
5                                 )    CONSENT DECREE BETWEEN
STEVEN CHU, Secretary             )    DEFENDANTS SECRETARY OF
6  of the United States Department of  )  ENERGY STEVEN CHU AND
   Energy, and the UNITED STATES  )    THE U.S. DEPARTMENT OF
7  DEPARTMENT OF ENERGY,          )    ENERGY AND INTERVENOR
                                  )    STATE OF OREGON
8          Defendants.            )
                                  )
9  _____)
                                  )
STATE OF OREGON,                  )
10                                )
          Intervenor.             )
11 _____)

12         WHEREAS, the State of Oregon has intervened in the above-captioned case

13  and alleged that Defendants Secretary of Energy Steven Chu and the United States

14  Department of Energy (collectively DOE) have violated certain provisions of the

15  Hanford Federal Facility Agreement and Consent Order (HFFACO);

16         WHEREAS, the State of Oregon contends that it has an interest in this

17  matter, and in the resolution of the claims brought by the State of Washington, to

18  protect the public health and environment in Oregon;

19         WHEREAS, this Consent Decree is separate from the Consent Decree in this

20  case between DOE and the State of Washington on behalf of the Washington

21  Department of Ecology (Ecology) in this case, and is entered in respect to

22  Oregon's role as a neighboring State intervenor;

1    WHEREAS, Oregon and DOE (the Parties) wish to resolve Oregon's claims

2    in intervention without litigation and have, therefore, agreed to entry of this

3    Consent Decree without adjudication of any issues of fact or law contained herein.

4    This Decree is filed to resolve litigation, solely for the matters covered by this

5    Decree, between Oregon and DOE;

6    NOW THEREFORE, it is hereby ordered, adjudged, and decreed as follows:

7    1.    The Court has jurisdiction over the subject matter and the Parties to

8    this Decree.  Venue is proper in the United States District Court for the Eastern

9    District of Washington.

10    2.    This Decree applies to and is binding upon DOE and the State of

11    Oregon.  DOE remains obligated by this Decree regardless of whether it carries out

12    the terms through agents, contractors, and/or consultants.  This Decree neither

13    applies to nor is binding upon any other agency of the United States.

14    3.    DOE shall, on a semi-annual basis, submit to Oregon, on the same day

15    that it submits to Ecology, a written report documenting waste treatment plant

16    (WTP) construction and startup activities and tank retrieval activities at Hanford

17    that occurred during the period covered by the report.  This written report shall

18    provide the status of progress made during the reporting period and shall include:

19    a.    A brief description of project accomplishments and project issues

20    encountered during the reporting period and/or expected in the next six (6)

21    months;

22    b.    A definitive statement describing whether or not DOE has complied

- 2 -

with milestones that have already come due as of the date of the report, and

how any missed milestones may affect compliance with other milestones;

c.    Where applicable, a description of actions initiated or otherwise taken

to address any schedule slippage;

d.    Budget/cost status; and

e.    Copies of written directives given by DOE to the contractors for work

required by the Decree entered in this case between DOE and Ecology, if

requested by Oregon.

4.    DOE shall, on a monthly basis, submit to Oregon, on the same day

that it submits to Ecology, a written summary report (*e.g.,* approximately 10 to 15

pages in length) documenting WTP construction and startup activities and tank

retrieval activities covered by the Decree entered between DOE and Ecology in

this case.  The monthly report shall address: (a) cost and schedule performance

(earned value management system graphs) for each major activity; (b) significant

accomplishments during the prior month; and (c) significant planned activities for

the next month.

5.    In the event DOE determines that a serious risk has arisen that DOE

may be unable to meet a schedule as required in Section IV of the Consent Decree

entered in this case between DOE and Ecology, DOE shall notify Oregon, on the

same day that it notifies Ecology.

6.    Absent exigent circumstances, no less than 10 days before DOE files

in the Court a motion or petition to modify, or to request judicial dispute resolution

- 3 -

1  under, the Consent Decree entered between DOE and Ecology in this case, DOE

2  shall provide Oregon with notice of DOE's intent to file such a motion or request

3  and the intended nature of that motion or request.

4         7.    The Consent Decree between DOE and Ecology requires those parties

5  to meet periodically in intervals of approximately three years to review the

6  requirements of that Consent Decree and to discuss any circumstances that may

7  necessitate the reconsideration of and/or modification to the outstanding

8  requirements of that Decree. DOE agrees to provide Oregon with notice of these

9  meetings no less than 30 days before they are scheduled to occur, and Oregon

10  representatives may attend to observe such meetings. Such permission to attend

11  shall not vest Oregon with any rights as a party to those proceedings. Oregon's

12  unavailability after reasonable notice shall not require the delay or rescheduling of

13  such meetings.

14         8.    No provision of this Decree shall be interpreted as or constitute a

15  commitment or requirement that the United States obligate or pay funds in

16  contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, to the extent

17  applicable.

18         9.    This Decree resolves all claims that have been raised by Oregon in its

19  complaint in intervention or any other legal claims that could have been raised by

20  Oregon based upon the facts alleged that form the basis for the claims in Oregon's

21  complaint in intervention, including that DOE has violated or will violate the

22  requirements of the HFFACO (as the HFFACO existed on April 3, 2009), the

- 4 -

1  Washington State Hazardous Waste Management Act or the Resource

2  Conservation and Recovery Act.  Except to enforce the requirement of this Decree,

3  Oregon hereby covenants not to bring any civil, judicial, or administrative

4  enforcement  action against DOE, its officials or employees, or its contractors or

5  their subcontractors, their officials, or employees, with respect to such claims.

6        10.    This Court retains jurisdiction to enforce the terms of this Decree.

7        11.    After entry of the Decree by the Court, the Parties intend to resolve

8  the State's claim for costs of litigation (including reasonable attorney and expert

9  witness fees) under 42 U.S.C. § 6972(e).  In the event the Parties are unable to

10  reach agreement as to that claim, the State reserves the right to file an application

11  with the Court for such costs.

12        12.    This Consent Decree shall be effective upon the date of its entry and

13  of the entry of the Consent Decree between DOE and Ecology by the Court.

14        13.    This Consent Decree shall terminate when the Consent Decree entered

15  between DOE and Ecology has been terminated.

16

17  DATED this __25th__ day of __October__, 2010.

18

19                              s/ Fred Van Sickle

20                              United States District Judge

21

22

- 5 -

| | | |
|---|---|---|
| 1 | FOR DEFENDANTS SECRETARY OF ENERGY STEVEN CHU and the | FOR INTERVENOR STATE OF OREGON |
| 2 | UNITED STATES DEPARTMENT OF ENERGY | |
| 3 | | |
| 4 | IGNACIA S. MORENO<br>Assistant Attorney General | JOHN R. KROGER<br>Attorney General |
| 5 | Environment and Natural Resources Division | |
| 6 | | |
| 7 | DAVID J. KAPLAN<br>CYNTHIA J. MORRIS | ROGER J. DEHOOG<br>Senior Assistant Attorney General |
| 8 | AMANDA SHAFER BERMAN<br>Environmental Defense Section | Trial Division/Special litigation Unit<br>Oregon Department of Justice |
| 9 | P.O. Box 23986<br>Washington, D.C.  20026-3986<br>(202) 514-0997 | 1515 SW Fifth Street, Suite 410<br>Portland, OR 97201<br>(971) 673-1880 |
| 10 | | |
| 11 | JAMES A. MCDEVITT<br>United States Attorney | |
| 12 | ROLF H. TANGVALD<br>Assistant United States Attorney | |
| 13 | 920 W. Riverside Ave., Suite 300<br>Spokane, Washington 99201 | |
| 14 | (509) 353-2767 | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |

- 6 -